# IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Changzhou Yichen Trading Co., Ltd,

    Plaintiff,

v.

Schedule A Defendant,

    Defendant.

Case No.: 1:26-cv-03230

## COMPLAINT

Plaintiff, Changzhou Yichen Trading Co., Ltd ("Plaintiff"), by the undersigned counsel, brings this action against Schedule A Defendant ("Defendant") and allege as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a)-(b).

2. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Defendant conducts business in this District.

3. This Court has personal jurisdiction over Defendant because Defendant targets U.S. consumers, including Illinois residents, by operating a fully interactive commercial online store through which Illinois residents can purchase the accused products, and Defendant used and displayed at least one of the Socket Set Photographs in its online product listing images to market those products to consumers in Illinois and this District.

4. Defendant has intentionally directed commercial activities toward Illinois by advertising and offering for sale products to Illinois residents, including by providing shipping to

1

Illinois, transacting in U.S. dollars, and confirming an order placed to an Illinois address.

5. Defendant has committed acts of copyright infringement and caused injury to Plaintiff in Illinois and in this District.

6. In the alternative, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's claims arise under federal copyright law, Defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the Constitution and laws of the United States.

7. Upon information and belief, Defendant resides in a foreign jurisdiction, primarily the People's Republic of China, operates an anonymous online marketplace account, and utilizes foreign accounts and channels that make Defendant difficult to identify and serve, supporting the need for expedited discovery regarding Defendant's identity and contact information.

## INTRODUCTION

8. Plaintiff owns a valid U.S. copyright registration for a group of unpublished photographic works titled Socket Set-1, Socket Set-2, Socket Set-3, Socket Set-4, Socket Set-5, and Socket Set-6 (collectively, the "Socket Set Photographs"), registered under U.S. Copyright Registration No. VAu 1-527-865. The registration is valid, subsisting, and in full force and effect. The effective date of the registration predates the infringement alleged in this Complaint. A true and correct copy of the registration certificate is attached as Exhibit 1.

9. This action has been filed by Plaintiff to combat an online copyright infringer who has used and displayed at least one of the Socket Set Photographs in online product listing images to market, offer for sale, and sell products without authorization.

10. In an effort to unlawfully profit from the protected works, Defendant has created and operates an online storefront on the Amazon platform (the "Defendant Online Store") and designed the storefront to appear legitimate to consumers.

11. The Defendant Online Store uses at least one of the Socket Set Photographs without authorization. Defendant conceals its identity, including through aliases and false or incomplete contact information. Plaintiff has been and continues to be harmed through loss of control over its copyrighted works and impairment of its ability to license and exploit those works. Plaintiff seeks monetary relief, expedited discovery, and permanent injunctive relief.

## THE PLAINTIFF

12. Plaintiff is a company organized under the laws of the People's Republic of China with its principal place of business in Changzhou, China.

13. Plaintiff is engaged in the design, development, and sale of socket sets. Plaintiff's business includes creating original socket sets and related products, and selling such products to customers worldwide, including in the United States.

14. Plaintiff has invested substantial time, effort, creative skill, and financial resources in developing and commercializing the Socket Set Photographs. Plaintiff has also invested substantial resources in marketing, advertising, and promoting its products using the Socket Set Photographs, including through its own online store and sales channels.

15. Plaintiff sells socket set products through various sales channels, including an authorized store for its products on the Amazon platform (the "Authorized Store"). Product listings on the Authorized Store use and display the Socket Set Photographs.

16. The Socket Set Photographs are valuable commercial assets used by Plaintiff in marketing and selling its products.

## DEFENDANT AND DEFENDANT'S UNLAWFUL CONDUCT

17. Defendant is an individual or business entity who, upon information and belief, resides in the People's Republic of China. Defendant conducts business through a fully interactive commercial online marketplace account and storefront listed on Schedule A.

3

Defendant targets U.S. consumers, including within Illinois and in this judicial district, by using and displaying at least one of the Socket Set Photographs in its online product listing images to advertise, offer to sell, and sell products to consumers in Illinois and this District.

18. The true identity of Defendant is unknown to Plaintiff. Defendant conceals its identity through the use of aliases, unregistered business names, false contact information, and offshore fulfillment and payment-related channels. Defendant operates anonymously and deliberately frustrates enforcement by avoiding traditional means of identification and service. Plaintiff will amend this Complaint when Defendant's true identity is ascertained.

19. Upon information and belief, Defendant has operated an online marketplace storefront that used and displayed at least one of the Socket Set Photographs in its online product listing images to market, offer for sale, and sell products.

20. Defendant utilizes online marketplace platforms and, upon information and belief, third-party payment and fulfillment channels that further obscure Defendant's identity and location.

21. Defendant's conduct has caused, and will continue to cause, harm to Plaintiff, including loss of control over its copyrighted works and impairment of Plaintiff's ability to license and exploit those works.

22. Plaintiff therefore seeks appropriate injunctive relief and expedited discovery regarding Defendant's identity, infringing activities, and related accounts and channels.

## COUNT I

## COPYRIGHT INFRINGEMENT

23. Plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as though fully set forth herein.

24. The Socket Set Photographs are original works of authorship and constitute

4

copyrightable subject matter under 17 U.S.C. § 101 et seq.

25.     At all relevant times, Plaintiff has held and asserted exclusive rights in the Socket Set Photographs, including, without limitation, the rights to reproduce and publicly display the works pursuant to the Copyright Act. The Socket Set Photographs are the subject of a valid copyright registration issued by the Register of Copyrights.

26.     Defendant, without authorization from Plaintiff, has used, reproduced, copied, and displayed at least one of the Socket Set Photographs in its online product listing images to market, offer for sale, and sell products. Defendant's acts constitute copyright infringement in violation of 17 U.S.C. § 501 et seq. Defendant's infringement is willful, intentional, and undertaken with knowledge of Plaintiff's rights.

27.     As a result of Defendant's infringement, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, including Plaintiff's election, to the extent permitted by law, of statutory damages or, alternatively, actual damages and Defendant's profits attributable to the infringement, and Plaintiff's attorneys' fees and costs to the extent permitted by law.

28.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff that cannot be fully compensated by monetary damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting further infringement and requiring Defendant to destroy all unauthorized copies and derivative works.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily and permanently enjoined and restrained from:

a. reproducing, copying, displaying, advertising, marketing, offering for sale, or selling any products by using the Socket Set Photographs, or any copy, colorable imitation, or derivative work thereof;

b. manufacturing, importing, reproducing, distributing, advertising, promoting, selling, or offering to sell any unauthorized copies or derivative works of the Socket Set Photographs;

c. posting, maintaining, or relisting any online product listing, advertisement, or other content that uses or displays the Socket Set Photographs, or any copy, colorable imitation, or derivative work thereof;

d. using, linking to, transferring, selling, exercising control over, or otherwise operating the Defendant Online Store or any other online marketplace accounts used to infringe the Socket Set Photographs; and

e. destroying, hiding, transferring, or otherwise disposing of unauthorized copies or derivative works of the Socket Set Photographs, except pursuant to further order of this Court;

2) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in the Socket Set Photographs pursuant to 17 U.S.C. § 501; and b) otherwise harmed Plaintiff's ability to control and license its copyrighted works;

3) For an accounting and disgorgement of Defendant's profits attributable to its infringement of the Socket Set Photographs pursuant to 17 U.S.C. § 504(b);

4) For an award of actual damages or statutory damages pursuant to 17 U.S.C. § 504, at Plaintiff's election, in an amount to be determined at trial;

5) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

6) For an order authorizing expedited discovery to identify Defendant, obtain contact information and identify financial accounts, and for such further relief as the Court deems just and proper.

DATED: March 24, 2026                          Respectfully submitted,

                                               */s/ Qin Zhuang*
                                               Qin Zhuang
                                               870 Sunset Ave, Haworth, NJ 07641
                                               201-905-4195
                                               zhuangqin@yuntinglaw.com
                                               ***Counsel for Plaintiff***